IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kathy Mangioni, ) | |
|                     Plaintiff, ) | |
| v. ) | |
| ) | |
| Arrow Financial Services, LLC, ) | |
| Northland Group, Inc., and Capital ) | |
| Management Services, L.P., ) | |
| ) | |
|                     Defendants. ) | Jury Demanded |

## COMPLAINT

Plaintiff, Kathy Mangioni, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that Defendants' debt collection practices violate the FDCPA, and to recover damages for Defendants' violations of the FDCPA.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

3. Plaintiff, Kathy Mangioni, is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a consumer debt she allegedly owed to Carson's.

4. Defendant, Arrow Financial Services, LLC, is a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois and was so acting as a debt collector when it tried to collect the delinquent consumer debt that Ms. Mangioni allegedly owed to Carson's.

5. Defendant, Northland Group, Inc., is a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois and was so acting as a debt collector when it tried to collect the delinquent consumer debt that Ms. Mangioni allegedly owed to Carson's.

6. Defendant, Capital Management Services, L.P. ("CMS") is a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois and was so acting as a debt collector when it tried to collect the delinquent consumer debt that Ms. Mangioni allegedly owed to Carson's.

## FACT ALLEGATIONS

7. In June, 2005, Plaintiff filed a Chapter 7 bankruptcy petition in a matter styled In re: Joseph and Mangioni, N.D. Ill. Bankr. No. 0526256. Among the debts listed on Schedule F of Ms. Mangioni's bankruptcy petition was a debt she allegedly owed to

Carson's. Ms. Mangioni was discharged from her debts, including the Carson's debt, by the Bankruptcy Court in 2005.

8. Nonetheless, on January 5, 2009, Defendant Northland Group, on behalf of Arrow sent Ms. Mangioni a collection letter attempting to collect the debt that had been allegedly owed to Carson's. A copy of this letter is attached as Exhibit <u>A</u>.

9. On January 30, 2009 on behalf of Kathy Mangioni, a dispute letter on Arrow's attempt to collect the alleged Carson's debt was sent to Northland Group, Inc. by Ms. Mangioni's attorneys. That dispute letter demanded validation and verification of the debt as required under 1692(g) of the FDCPA. The letter also advised that all future communications on the alleged debt should be with Plaintiff's attorneys. Neither Northland Group nor Arrow ever validated or verified the alleged debt in response to the January 30 letter.

10. Instead, Capital Management Services, LLP on behalf of Arrow attempted to collect the alleged Carson's debt from Ms. Mangioni in a letter dated September 15, 2009. A copy of this letter is attached as Exhibit <u>B</u>.

11. This renewed effort by Arrow and Capital Management to collect the debt without having validated and verified it violates 1692(g) of the FDCPA.

12. All of the Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint and are to be interpreted under the "unsophisticated consumer" standard. (<u>See</u>, <u>Bartlett v. Heibl</u>, 128 F.3d 497, 500 (7th Cir. 1997); <u>Chauncey v. JDR</u>, 118 F.3d 516, 519 (7th Cir. 1997); <u>Avila v. Rubin</u>, 84 F.3d 222,

226 (7th Cir. 1996); and, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994)).

## COUNT I
### Violation Of § 1692e Of The FDCPA
### Demanding Payment of a Debt That Is Not Owed
### (Against All Defendants)

13.     Plaintiff realleges the allegations above.

14.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

15.     Attempting to collect the Carson's debt from Ms. Mangioni that was not owed due to her bankruptcy was false, deceptive or misleading, in violation of § 1692e of the FDCPA.  (See, Randolph v. IMBS, Inc., 368 F.3d 726 (7th Cir. 2004)).

16.     Defendants violations of § 1692e of the FDCPA render them liable for damages, costs, and reasonable attorneys' fees.  (See, 15 U.S.C. § 1692k).

## COUNT II
### Violation Of § 1692(g) Of The FDCPA
### Communicating With Consumers Represented By Counsel
### (Against Arrow and CMS)

17.     Plaintiff realleges the allegations above.

18.     Section 1692(g) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  Arrow and CMS were given

notice that Ms. Mangioni was represented by an attorney in connection with the alleged Carson's debt. By sending Ms. Mangioni a collection letter, despite notice that she was represented by counsel in connection with this alleged debt, Defendants violated § 1692c(a)(2) of the FDCPA.

19. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

## COUNT III
### Violation of § 1692g(b) of the FDCPA
### (Against Arrow and CMS)

20. Plaintiff realleges the allegations above.

21. § 1692g(b) of the FDCPA states:

> Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

See 15 U.S.C. 1692g(b).

22. Defendant Arrow tried to collect on the alleged debt at issue in this lawsuit in January of 2009. At that time the Plaintiff disputed the debt and demanded verification of the debt. No one ever provided verification of the debt in response to the verification demand.

23. Defendant Arrow had not provided verification by September 15, 2009 when it and CMS again attempted to collect this alleged debt.

24.     Defendants' violation of § 1692g of the FDCPA render them liable to Plaintiff for damages, costs and attorneys' fees.  See 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Kathy Mangioni, prays that this Court:

1.     Declare that Defendants' debt collection practices violated the FDCPA;

2.     Enter judgment in favor of Ms. Mangioni, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff demands a trial by jury.


                                                             /s Tony Kim
                                                             One of Plaintiff's Attorneys

Dated:  December 30, 2009

James Shedden
Tony Kim
Schad, Diamond & Shedden, P.C.
332 South Michigan Avenue
Suite 1000
Chicago, Illinois 60604-4398
(312) 939-6280

*Attorneys for Plaintiff*